# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2054V

| | |
|---|---|
| MICHELLE EDGERSON-BRIGGS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 14, 2025 |

*William Boyles, I, Sangisetty Law Firm, New Orleans, LA, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 21, 2021, Michelle Edgerson-Briggs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza ("flu") vaccine on October 15, 2020. Petition, ECF No. 1. On June 4, 2024, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On July 11, 2024, Petitioner filed a motion for attorney's fees and costs, requesting an award of $14,230.47 (representing $13,715.00 for fees and $515.47 for costs). ECF No. 41. Because she failed to provide sufficient documentation to supporting the attorney's costs sought, the required General Order No. 9 statement indicating whether Petitioner paid any out-of-pocket litigation costs, and the information needed to support the hourly rate sought – specifically the date Petitioner's counsel was first admitted to a state bar, Petitioner was instructed to provide this information. ECF No. 47. In response, she filed an amended motion, withdrawing her request for $515.47 in attorney costs. ECF No. 48. And by email correspondence on January 14, 2025, Petitioner's counsel confirmed Petitioner had no out-of-pocket litigation costs. *See* Informal Remark, dated Jan. 14, 2025.

Respondent reacted to the motion on July 15, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 43. Petitioner has not filed a reply.

Although Petitioner failed to provide some information needed to ascertain the exact year Petitioner's counsel was first admitted to the bar, the overall amount of attorney's fees requested is reasonable. Therefore, I will award the total requested without addressing the appropriate hourly rate for Mr. Boyles.

I also note this case required additional briefing and argument regarding damages. *See* Status Report, filed Aug. 21, 2023, ECF No. 31 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Damages, filed Oct. 30, 2023, ECF No. 34; Petitioner Reply Brief in Support of Damages, Nov. 2, 2023, ECF No. 35, Minute Entry, dated May 31, 2024 (regarding Expedited Motions Day Hearing on May 31, 2024). I find the time expended in this area to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Regarding the attorney's costs initial sought, Petitioner failed to provide the needed supporting documentation, and rescinded her request for reimbursement of these costs. ECF Nos. 41, 48. Because the Court has sufficient proof that the $402.00 filing fee was paid in this case, I will nevertheless reimburse this cost. I will not reimburse the remaining $113.47 in unsubstantiated attorney costs.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $14,117.00 (representing $13,715.00 for fees and $402.00 for costs) to be paid through an ACH deposit to**

2

**Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.